UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNIE RICO,<br><br>    Plaintiff,<br><br>    v.<br><br>STEVEN GONZALEZ, *et al.*,<br><br>    Defendants. | Case No. 2:24-cv-1975-TLN-JDP (PS)<br><br>ORDER |

Plaintiff brings this action against defendant police officers Steven Gonzalez and Neay Chhlang. ECF No. 1. The complaint contains, for purposes of screening, cognizable claims, and I will direct service for defendants. I will also grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

1

1 face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not
2 require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.
3 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere
4 possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not
5 identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
6 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that
7 give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
8 n.2 (9th Cir. 2006) (en banc) (citations omitted).

9 The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
10 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it
11 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
12 would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
13 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
14 of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
15 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

17 The complaint alleges that on July 19, 2019, defendants assaulted plaintiff without
18 provocation. Plaintiff claims that he was walking to his ride when defendant Gonzalez asked him
19 where he was going and for his identification to "run [his] name." ECF No. 1 at 7. Plaintiff
20 complied and handed Gonzalez his identification card. *Id.* After Gonzalez ran plaintiff's name
21 through his system, plaintiff asked to leave, but Gonzalez said no and asked plaintiff what had
22 happened. *Id.* Plaintiff was unaware of what Gonzalez was asking about and told Gonzalez that
23 he was in his room. *Id.* That response made Gonzalez "very angry," and led to him assault
24 plaintiff. *Id.* During the altercation, defendants Chhlang, Doe 3, and Doe 4 assaulted plaintiff as
25 well. *Id.* at 7-8.

26 For purposes of screening, the complaint states cognizable claims, and I will direct that

2

defendants Gonzalez and Chhlang be served.[1]

Accordingly, it is hereby ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2. Service is appropriate on Steven Gonzalez and Neay Chhlang.

4. The Clerk of Court is directed to issue process and to send plaintiff an instruction sheet for service of process by the United States Marshal, three USM-285 forms, a summons form, and an endorsed copy of plaintiff's complaint filed July 19, 2024.  ECF No. 1.

5. Within sixty days after this order is served, plaintiff shall supply the U.S. Marshal all information needed by the Marshal to effect service of process.  The required documents shall be submitted directly to the United States Marshal either by personal delivery or by mail to:  United States Marshals Service, 501 I Street, Suite 5600, Sacramento, CA 95814 (tel. 916-930-2030). The court anticipates that, to effect service, the U.S. Marshal will require, for each defendant, at least:

    a. One completed summons;

    b. One completed USM-285 form;

    c. One copy of the endorsed complaint, with an extra copy for the U.S. Marshal; and

    d. One copy of the instant order.

6. In the event the U.S. Marshal is unable, for any reason whatsoever, to effect service on a defendant within ninety days of receiving this order the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

7. Within twenty-one days after submitting the required materials to the United States Marshals Service, plaintiff shall file with this court a declaration stating the date on which plaintiff submitted the required documents to the United States Marshal.  Failure to file the declaration in a timely manner may result in an order imposing appropriate sanctions.

---

[1] Because an unknown person cannot be served until he or she is identified by name, the court cannot order service on defendants Doe 3 and Doe 4.  Plaintiff will be afforded an opportunity to seek discovery as to the Doe defendants' identity.  Service for the Doe defendants will only be attempted if and when plaintiff learns their identities.

8. Within sixty days after receiving the necessary materials from plaintiff, the United States Marshal is directed to serve process on defendants without prepayment of costs.

9. Plaintiff is cautioned that the failure to comply with this order may result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:   February 24, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE