UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNIE RICO, | Case No.  2:24-cv-1975-TLN-JDP (PS) |
| Plaintiff, | |
| v. | ORDER; FINDINGS AND RECOMMENDATIONS |
| STEVEN GONZALEZ, *et al.*, | |
| Defendants. | |

Plaintiff brings this civil rights action against two police officers, defendants Steven Gonzalez and Neay Chhlang.  Pending are plaintiff's motion to file exhibits to his complaint, ECF No. 18, plaintiff's motions of default judgment, ECF Nos. 20 & 38, motion to file a civil rights report, ECF No. 31, motion to appear in person for a hearing, ECF No. 37, motion to set a hearing, ECF No. 40, and motion to seal, ECF No. 41, as well as defendants' motion to dismiss, ECF No. 28.  For the following reasons, all of plaintiff's motions are denied, and defendants' motion is granted with prejudice.

**Motion to Dismiss**

I.      Allegations

Plaintiff alleges that on July 19, 2019, defendants violated his Fourth Amendment rights when they assaulted him without provocation.  ECF No. 1.  Plaintiff claims that he was walking

1

to his Uber ride when defendant Gonzalez asked him where he was going and for his identification to "run [his] name." *Id.* at 7.  Plaintiff complied and handed Gonzalez his identification card. *Id.*  After Gonzalez ran plaintiff's name through his system, plaintiff asked to leave, but Gonzalez said no and asked plaintiff what had happened. *Id.*  Plaintiff was unaware of what Gonzalez was asking about and told Gonzalez that he was in his room. *Id.*  That response made Gonzalez "very angry," and led to him assault plaintiff. *Id.*  During the altercation, defendant Chhlang assaulted plaintiff as well. *Id.* at 7-8.

II.     Rule 12(b)(6) Standard

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).  Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In assessing the sufficiency of the pleadings, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 899-900 (9th Cir. 2007).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  "While legal conclusions can

2

provide the complaint's framework, they must be supported by factual allegations." *Id.* at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible." *Id.* at 683. Ultimately, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). However, a liberal interpretation of a complaint "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

III.    Discussion

Defendants move to dismiss the complaint because plaintiff's claims are barred by the statute of limitations, or, in the alternative, they move to quash service. ECF No. 28. Plaintiff argues that the Covid-19 pandemic tolled his claims from March 2020 through May 2023 (when the World Health Organization officially declared an end to the pandemic). ECF No. 33.

Plaintiff has alleged constitutional violations by state law enforcement officers, which are brought under 42 U.S.C. § 1983. Section 1983 provides a cause of action for the deprivation of "rights, privileges, or immunities secured by the Constitution or laws of the United States" against a person acting "under color of any statute, ordinance, regulation, custom, or usage." *Gomez v. Toledo*, 446 U.S. 635, 639 (1980). To state a claim for relief under section 1983, a plaintiff must allege the defendant: (1) acted under color of state law; and (2) caused a plaintiff to be deprived of a right secured by the Constitution or laws of the United States. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009).

The statute of limitations for section 1983 claims is based on state law. *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007). Federal courts in California have held that the state's statute of limitations for personal injury actions, which is two years, applies to section 1983 claims. *Id.*; *see* Cal. Code Civ. P. § 335.1. Further, due to the COVID-19 pandemic, the California legislature tolled all statutes of limitations for 180 days between April 6 and October 1, 2020, and this tolling has been held to apply to section 1983 claims. *See People v. Fin. Cas. &*

3

*Sur., Inc.*, 73 Cal. App. 5th 33, 39 (2021) (*citing* Cal. Emergency R. 9); *see also Pumphrey v. Battles*, 2023 WL 1769185, at *5 (N.D. Cal. Feb. 3, 2023) (finding Emergency Rule 9 applicable to Section 1983 claims).

The first step in a statute of limitations analysis is to determine when the claims accrued, which is "when a plaintiff knows or has reason to know of the injury which is the basis of the action." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999); *see Miller v. Najera*, 2020 WL 731176, at *6-7 (E.D. Cal. Feb. 13, 2020). Here, the statute of limitations for plaintiff's claims began to accrue on July 19, 2019—the date of when he alleges that he was unlawfully stopped and assaulted by defendants. ECF No. 1 at 7; *see Bonelli v. Grand Canyon Univ.*, 28 F.4th 948, 952 (9th Cir. 2022) ("For Fourth Amendment violations, federal law holds that a cause of action for illegal search and seizure accrues when the wrongful act occurs . . . . even if the person does not know at the time that the search was warrantless.") (citations omitted); *Jackson v. Barnes*, 749 F.3d 755, 761 (9th Cir. 2014), *cert. denied*, 135 S. Ct. 980 (2015) (statute of limitations for excessive force claim for California-based § 1983 case is two years); Cal. Civ. Proc. Code § 335.1 (two year statute of limitations for assault, battery, or personal injury claims).

The second step is determining when plaintiff was required to have filed his complaint. Based on the underlying July 19, 2019 accrual date, California's Emergency Rule 9 applies because the statute of limitations time period for his claims include Rule 9's COVID-19 time period for tolling. Plaintiff has the burden to establish he is entitled to any further tolling of the statute of limitations, and he has not met this burden. *See Brown v. Collins*, 848 F. App'x 752, 753 (9th Cir. 2021) (citing *Vaughn v. Teledyne, Inc.*, 628 F.2d 1214, 1218 (9th Cir. 1980)); *see also Branson v. U.S. Forest Serv.*, 2023 WL 35987, at *4 (E.D. Cal. Jan. 4, 2023) (finding that the plaintiff failed to meet his burden to show facts supporting tolling under Cal. Civ. P. § 352.1 or other tolling statutes). Therefore, the court applies the two-year statute of limitations for section 1983 claims in California and adds the 180-day tolling period under California's Emergency Rule 9. As such, the statute of limitations for plaintiff's claims expired on January 17, 2022, which is two years and 180 days after the July 19, 2019 incident. Plaintiff filed his complaint on July 19,

4

2024, which is rtoo late for his claims.  Thus, plaintiff's section 1983 claims are time-barred.  *See Bonelli*, 28 F.4th at 952; *Bradford*, 803 F.3d at 387.

**Motions for Default Judgment**

Plaintiff has filed two motions for default judgment, ECF Nos. 20 & 38.  However, prior to seeking default judgment, plaintiff must first seek and obtain defendants' default, which he has failed to do here.  Indeed, the Clerk has declined to enter default for defendants.  *See* ECF No. 36.

Rule 55 requires a two-step process: (1) seeking entry of default from the clerk of the court; and (2) filing a motion for default judgment before the district court.  *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (recognizing "two-step process" required by Rule 55); *see Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009) (discussing difference between entry of default and default judgment).  Here, the Clerk of Court has not entered default against either defendant.  When the Clerk has not entered default against a defendant, a motion for default judgment against that defendant is improper.  *See Marty v. Green*, No. 2:10-cv-1823 KJM-KJN (PS), 2011 WL 320303, at *3 (E.D. Cal. Jan. 28, 2011) (denying motion for default judgment where the plaintiff did not first seek entry of default from the Clerk of the Court).  Accordingly, plaintiff's motions for default judgment should be denied.

Accordingly, it is hereby ORDERED that plaintiff's miscellaneous motions, ECF Nos. 18, 37, 38, 40, & 41, are DENIED as moot.

Further, it is hereby RECOMMENDED that:

1. Defendants' motion to dismiss, ECF No. 28, be GRANTED.

2. Plaintiff's complaint, ECF No. 1, is DISMISSED without leave to amend.

3. Plaintiff's motions for default judgment, ECF Nos. 20 & 38, be DENIED.

4. The Clerk of Court be directed to enter judgment accordingly and close this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed

within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.


Dated:   __July 2, 2026__                     _____

                                              JEREMY D. PETERSON
                                              UNITED STATES MAGISTRATE JUDGE